[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11086
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 26, 2010
JOHN LEY
CLERK

D.C. Docket No. 1:06-cv-01993-CC

HARRIET BELL, individually and on behalf of all
similarly situated persons,

Plaintiff-Appellant,

versus

CALLAWAY PARTNERS, LLC,
HURON CONSULTING GROUP, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 26, 2010)

Before TJOFLAT, WILSON and COX, Circuit Judges.

PER CURIAM:

Plaintiff Harriet Bell is the class representative for an opt-in class of

approximately 100 bookkeeper/accountants ("Plaintiffs") who were hired as

employee consultants by Callaway Partners, LLC ("Callaway") for a large-scale financial audit involving the restatement of HealthSouth Corporation following allegations that HealthSouth had perpetrated a multi-billion dollar accounting fraud. Callaway classified Plaintiffs as exempt from the Fair Labor Standards Act's (FLSA) overtime pay requirement.

Plaintiffs' pay consisted of two distinct components. First, Plaintiffs received a guaranteed weekly salary of $1600 or more that did not depend on the quality or quantity of the work performed. This weekly salary was reduced by one-fifth of the weekly salary for every full day a Plaintiff took off from work for personal reasons during the normal workweek without substituting Paid Time Off ("PTO"). But, a Plaintiff could work fewer than eight hours during any given workday without any reduction in his or her weekly salary. Second, Plaintiffs were eligible to receive additional incentive compensation (a "bonus") paid at a straight-time hourly rate based on the cumulative number of billable hours that Plaintiffs worked. Any bonus to be awarded was determined based on how many additional hours over forty a Plaintiff worked in a given week minus any "deficit" hours a Plaintiff had accumulated in past weeks. For example, if a Plaintiff worked seven and not eight hours on each regularly-scheduled workday in a given week, thus totaling 35 hours of work, he or she still earned the full predetermined weekly salary, but would not

2

earn a bonus in a subsequent week until he or she made up the bonus-hour deficit of five hours and then worked more than 40 hours in a given week.

Plaintiff Bell filed suit against Callaway on August 24, 2006, as a collective action under the FLSA, claiming that Callaway had violated the overtime provisions of the FLSA. The only issue considered by the district court was whether Callaway's pay system violated the salary basis test set forth in 29 C.F.R. § 541.602. The district court granted summary judgment for Callaway. The court held that Callaway's bonus practice complied with Department of Labor (DOL) regulations, and that Plaintiffs' claims that such practice violated the salary basis test were without merit. The court also found that Callaway had complied with DOL regulations regarding deductions from salaries for workdays missed, and that Plaintiffs' claim that the manner in which Callaway calculated pay for weekend work constituted improper "partial day deductions" in violation of the salary basis test was also without merit. Plaintiffs appeal; they argue that the court erred in concluding that Callaway's bonus system did not violate the FLSA's overtime requirements.

The FLSA requires employers to pay employees "engaged in commerce or in the production of commerce" overtime when an employee works more than forty hours in a week. 29 U.S.C. § 207(a)(1). But, an exemption from the overtime pay requirement exists for employees in a "bona fide executive, administrative, or

3

professional capacity" as defined by regulations of the Secretary. 29 U.S.C. § 213(a)(1). The class of Plaintiffs in this lawsuit are highly-educated accountants and Certified Public Accountants who, during their employment with Callaway, often made more than $100,000 per year. (R.374 at 3.) Consequently, Plaintiffs fall under the overtime pay exemption.

An employee is considered "paid on a salary basis" if "he regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of his compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R. § 541.602. Plaintiffs argue that they were not paid on a salary basis because the amount of their bonuses fluctuated based on the cumulative number of hours worked. But, as we have previously determined, "as long as there is a non-deductible minimum, additional compensation on top of the non-deductible salary is permissible." *Hogan v. Allstate Ins. Co.*, 361 F.3d 621, 625 (11th Cir. 2004) (citation omitted). And, while additional compensation is permissible, the regulations do not require additional compensation, nor do they prescribe a set method for setting up a bonus system. 29 C.F.R. § 541.604(a) ("An employer may provide an exempt employee with additional compensation without losing the exemption or violating the salary basis requirement, if the employment arrangement also includes a guarantee of at least the minimum

4

weekly-required amount paid on a salary basis. . . . Such additional compensation may be paid on any basis . . . .").

After a review of the record, we agree with the district court's well-reasoned analysis concluding that Callaway's bonus system conformed to the requirements of the salary basis test. (R.374 at 13-24.) While Callaway's incentive program may have been designed in a way that encouraged overtime work, as Plaintiffs argue it was, because it deducted for "deficit" hours, it nevertheless conformed to the requirements of the FLSA. Because there was a non-deductible minimum weekly salary, Callaway was free to structure any bonus program as it saw fit.

Plaintiffs also argue that Callaway violated the salary basis test when it deducted a full day's pay for personal days missed during the workweek (Monday through Friday) but did not pay Plaintiffs for a "full day" for partial days worked on Saturday or Sunday. Again, we agree with the district court's analysis concluding that such deductions were allowable under the provisions of 29 C.F.R. § 541.602(b)(1). (R.374 at 25-34.) Therefore, we hold that the district court did not err in finding Callaway's pay policies to be in compliance with the FLSA.

AFFIRMED.